UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE M. GREEN, )<br>    Defendant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA. )<br>_____ ) | Crim. No. 68-1420 (TFH) |

**FILED**

JUL 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>**DEFENDANT'S REPLY TO GOVERMENT'S OPPOSITION**</u>

<u>**OF THE DEFENDANT'S MOTION FOR THE EXPUNGEMENT**</u>

<u>**OF HIS CRIMINAL RECORD IN THE ABOVE CASE.**</u>

Defendant comes before this court in regards to the response of the goverment's opposition of the defendant's **MOTION** filed on **12/20/2005**, and entered on **1/12/2006**.

United States Attorney, for the District of Columbia, filed thier response on the sixteenth day of July, 2007.

Defendant is well within the time frame of filing this **REPLY**, by the **ORDER** handed down on **MAY 21st, 2007**, by Honorable Thomas F. Hogan, Chief Judge, in this case to date.

Defendant submits his response in regards to the case law cited by the United States Attorney's filing, i.e., **Doe v. Webster, 606 F.2d 1226, 1230 (D.C. Cir. 1979)**, <u>in short, the goverment contends that this case cited does **not** give the defendant standing in law and his **MOTION**.</u>

Defendant does **not** agree with this partial use of the cited case and extends the contents and meaning thereof further in favor of the defendant and the **MOTION** filed;

Will the court please note that in the above cited case it **also states in-part**; Doe v. Webster, 606 F.2d 1243 (VII), page 1244 [12], the following:

"Once a District Court issues its order setting aside a conviction under section 18 U.S.C.A.5021 and transmit that order to the Federal Bureau of Investigation (foot-note 62) it will not be sufficient for the Identification Division of that Bureau, as in the past, merely to enter the words **"set-aside"** on its records; The set-aside must be actual: the conviction records must be physically removed from the central criminal files (foot-note 63), and placed in a seperate storage facility (foot-note 64), not to be opened other than in the course of a bona fide criminial investigation by law enforcement authorites (foot-note 65), and where necessary for such an investigation. These records may not be used by appellees for any other purpose, nor may they be disseminated to anyone, public or private, for any other purpose.

Further, **CRIMINAL LAW 1226 (6), as noted on page 1228;**
Once a district court issues an order setting aside a youthful offender's conviction under the Federal Youth Corrections Act and once that order is transmitted to the Federal Bureau of Investigation, it is not sufficient for the FBI's identification bureau merely to enter the words "set aside" on its records; the conviction records must be physically removed from the central criminal files and placed in seperate storage facility not to be opened other than when necessary in the course of bona fide criminal investigation by law enforcement authorities and such records may not be used by the government for any other purpose nor may they be disseminated to anyone, public or private, for any other purpose. 18 U.S.C.A.§ 5021 (b).

**13. CRIMINAL LAW 1226 (6);**
Once the Federal Bureau of Investigation and its agents are notified that a conviction has been set aside under the Federal Youth Corrections Act, the FBI and it's agents must respond in the negative to any and all inquires concerning the set-aside conviction; similarly, the ex offender whose conviction is or has been set aside may legally reply in the negative to any and all questions concerning his former conviction. 18 U.S.C.A. §§ 5021, 5021 (b).

page 2.

Defendant further states that in; U.S. of America v. Doe, Appellant, No. 92-1218, U.S. Court of Appeals, 3rd Cir. (argued Sept. 14, 1992 - decided Nov. 24, 1992),; Cite as U.S. v. Doe F.2d 876 (3rd Cir. 1992), et seq., pages 876 thur 883;
INFANTS 133 ; Federal Youth Corrections Act, which allows District Court to set aside youthful offender's conviction, allows complete expungement 18 U.S.C. (1982 Ed.) 5021.

No. 4, and 5, further noted by page 877 section: B. 3. page 878 (a) (b).

Page 878, 4 ; In our view, the term "set-aside" is ambiquous. The statute does not define the term "set-aside". Since the statute does not offer a definition, and since the term has no common law connotation of which we are aware, it must be given its ordinary meaning. **Chapman v. United States**, U.S., 111 S. Ct. 1919, 1925   114 L. Ed. 2d 524 (1991).

Defendant asks the court's attention to bedrawn to **page 879 and the H.R. Report No. 2979, 81st Cong., 2d Sess., at 3938 (1950) ("HOUSE COMMITTEE REPORT").**

**Then further to: page 882,** The goverment contends that the "set-aside" provision acts only to remove unspecified "legal impediments" of a conviction We find this interpretation too cramped and, moreover, contradicts the more expansive construction we find from the legislative history......**Webster, 606 F2d at 1238-1239; Mestre Morera v. U.S. Immigration and Naturalization Servs., 462 F.2d 1030 at 1032 (1972);**

Anything less than the expungement of the record leaves a youthful offenders only "slightly better off than if his conviction had never been set aside at all". **Webster, 606 F.2d at 1240.**

Further in the continuation of citing **U.S. v. Doe, F2d at 882;   III.,** We find the reasoning of the court in **Doe v. Webster** persuasive that Once a district court issues its order setting aside a conviction under section 5021 and transmits that order [to the appropriate record keepers] it will not be sufficient.......merely to enter the words "set aside" on its records. **Webster, 606 F.2d at 1244.**

page 3.

Again, in **U.S. v. Doe, F.2d at 882 [5]** We further hold that any record keeper notified that the youthful offender's conviction has been set aside shall respond in the negative to any and all inquires into the expunged conviction and that the youthful offender whose conviction has been thus expunged under section 5021 may legally answer in the negative to any inquiry about the expunged conviction **Webster, 606, F.2d at 1244-45.**

The United States Attorney further states on page two (2) of the filing that the Defendant has received the **"benefit that he was entitled to and obtained under the Youth Act", the U.S. Attorney go's on to say that the Defendant's record has "no disposition" noted?**

Defendant states that the above is anything but true and correct, and explains that the following took place in the course of events over the years since, and swears to the truthfulness of the following by way of an Affidavit attached herein:

While incarcerated in the department of corrections in the state of Florida, from the years 1990through 1996, he was in fact compelled by law to submit to a **DNA sample,** and that law stiplified that a person so charged had to submit to such an order.

Defendant further states that the action was in fact a clear and present violation of his constitutional rights that were supposed to be protected by federal law, and the proper proceedures in place to avoid such action at any time.

Defendant states that the above could very well have been avoided and states that such actions happen when from the begining the proper forms should have been filed with the FBI, and any and all actions started and put into place by the U.S. Goverment, as afforted to the Defendant by the sentencing under the YCA, and the protective provisions in place to avoid actions taken by the Law Enforcement Agencies of the state of Florida, as mention above.

Defendant asks the court to review the letter from the Florida Department of Law Enforcement, and dated **April 12, 2006, attached and labeled "A"**.

Defendant further provides to the court a legal document issued by the U.S. Public Defender's Office, Middle District of Pennsylvania, and a part of thier back-ground check for a disposition in a federal crime.

Defendant states that there is little/no doubt that the findings support the facts that information is still stored in all/if not most Law Enforcement Information Systems to date, all because the legal and proper steps have **not** been taken to afford the defendant legal protection due, and as stated by the filing of this **REPLY**.

Therefore, under the provisions set-forth herein by the law cases cited by the defendant should be taken under consideration by this court and ruled for legal standing and protection given to him by such to date, and the filing of said **Goverment's opposition to defendant's Motion to expunge Criminal Record be dismissed by the court, and ruled in favor of the defendant.**

That the court **ORDER** such based on laws stated herein:

27th day of July, 2007.

Respectfully submitted:

*Lawrence M. Green*
Lawrence M. Green, 244899
Santee - A-192 - Evans C.I.,
610 Highway 9 West
Bennettsville, SC   29512-2130

### CERTIFICATE OF SERVICE

I, Lawrence M. Green, do hereby certify that the foregoing document was sent prepaid first-class U.S. Mail, by way of the Evans Correctional Postal Window, at 610 Highway 9 West, Bennettsville, South Carolina, 29512-2130, and thus doing so on the 27th day of July, 2007,; and sent to the following: Carolyn K. Kolben, Bar No. 391156; Assistant U.S. Attorney, Room 10-441 Judiciary Center Bldg. - 555 4th Street, N.W. Washington, DC 20530

LAWRENCE M. GREEN - 244899
SANTEE - A-192 - EVANS C.I.
610 HWY. 9 WEST
BENNETTSVILLE, SOUTH CAROLINA
29512-2130

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COL
U.S. COURT HOUSE
333 CONSTITUTION AVENUE
WASHINGTON, D.C. 20001